UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DARRYL TUNSTALL,

        Plaintiff,                             COMPLAINT
                                                      16 CV 1009

   - against -

RAFAEL A. PEREZ, Shield 14240, and
JEFFREY SANTANA, Shield 10683, employees
of the New York City Police Department,        **Jury Trial Demanded**

        Defendants.

------------------------------------------------------------x

      Darryl Tunstall, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his Complaint.

### Nature of the Action

      1.    This civil rights action arises from the July 6, 2013 arrest and prosecution of Darryl Tunstall by New York City Police Officers on the false allegation of criminal sale of both marijuana and crack cocaine. Plaintiff brings claims under the United States Constitution's Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction

      2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

### Venue

      3.    Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events giving rise to this action occurred in that judicial District.

Parties

4.     Plaintiff DARRYL TUNSTALL is a citizen of the United States of America residing in the State of New York, County of Bronx.  He is African American and, at the time of the incidents complained of, was forty-four years of age.

5.     The CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, non-party the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed Defendants PEREZ, SANTANA, and the other Police personnel involved in the incident underlying this lawsuit.

6.     Defendant RAFAEL A. PEREZ Shield 14240 was at all times relevant acting within the scope of his employment by the City of New York Police Department and assigned to the 48th Precinct in the Bronx.

7.     Defendant JEFFREY SANTANA Shield 10683 was at all times relevant acting within the scope of his employment by the City of New York Police Department and assigned to the 48th Precinct in the Bronx.

8.     At all times relevant herein, Defendants PEREZ and SANTANA (the "Defendants") were acting under color of state law.

Statement of Facts

9.     At and around 10:00 a.m. on July 6, 2013, Darryl Tunstall was sitting at a park table next to to the Phipps Neighborhoods Center at 1030 East 178th Street at Boston Road in the Bronx.

10.    Plaintiff was waiting to meet his brother-in law, David Peterson, who was traveling by subway to the West Farms Square/East Tremont Avenue subway station adjacent to where Mr. Tunstall was sitting.

11.    Defendants Perez and Santana walked up to where Plaintiff was sitting and, without explanation, ordered him to stand up and then handcuffed him.

12.    The Defendants took Plaintiff in handcuffs to the 48th Precinct Stationhouse, where he was strip searched by, upon information and belief, Defendant Perez,

photographed, and fingerprinted.  The strip search uncovered no contraband  –  no drugs, drug paraphernalia, weapons, excessive cash or, indeed, any evidence of any wrongdoing much less of criminal activity.  At the time of his arrest, Mr. Tunstall had with him one dollar and twenty-five cent ($1.25).

13. The Defendants prepared or allowed to be prepared false police reports accusing Darryl Tunstall of criminal sale of crack cocaine and marijuana.

14. After the arrest paper work was completed, Plaintiff was taken to Bronx Central Booking to await arraignment.

15. While Mr. Tunstall was awaiting arraignment, Defendants made or allowed to be made false statements to the Bronx County District Attorney's Office.

16. The misrepresentations caused Plaintiff's prosecution under Bronx County Criminal Court Docket Number 2013BX039476 on the false charges of violating Penal Law §220.39(1) (Criminal Sale of a Controlled Substance in the Third Degree, a B Felony punishable by up to twenty-five years imprisonment) and PL §221.40 (Criminal Sale of Marijuana in the Fourth Degree, an A misdemeanor punishable by up to one year imprisonment).

17. Mr. Tunstall was arraigned by Justice Harold Adler on July 7, 2013.

18. Plaintiff was released on his on recognizance.

19. Justice Adler warned Plaintiff that he was required to appear in Criminal Court to defend against the charges, and Plaintiff was and knew that he was under threat of issuance of an arrest warrant and of arrest if he did not appear.

20. Mr. Tunstall returned to Criminal Court on September 11, 2013.

21. On September 11, 2013, the charges were dismissed on the motion of the District Attorney.

22. The Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Tunstall was subjected.

23. The Defendants' acts and omissions caused Darryl Tunstall to suffer loss of liberty, mental and emotional upset and trauma, fear, physical discomfort, and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the indignities and debasement of the arrest-to-arraignment process and the upset caused by the false evidence presented by the Defendants.

24. The Defendants, at all times relevant, and in arresting, imprisoning, strip searching, and prosecuting Mr. Tunstall, and in offering false evidence to the District Attorney, and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26. By the actions described above, the Defendants deprived Mr. Tunstall of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

27. Plaintiff was unlawfully stopped, arrested, imprisoned, and searched, and, as a consequence thereof, Darryl Tunstall has been injured.

SECOND CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

28. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. By the conduct described herein, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

30.     Defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Tunstall without probable cause and with actual malice.  The prosecution caused Mr. Tunstall's liberty to be deprived.  The prosecution terminated in Mr. Tunstall's favor.

31.     As a consequence thereof, Darryl Tunstall has been injured.

### THIRD CLAIM FOR RELIEF FOR
### DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

32.     The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

33.     Defendants created false evidence against Darryl Tunstall.

34.     Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

35.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

36.     As a consequence thereof, Darryl Tunstall has been injured.

### FOURTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

37.     The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

38.     The Defendants, despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct to which Plaintiff was subjected, failed to intervene, thereby violating Plaintiffs rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.

39.     As a consequence thereof, Darryl Tunstall has been injured.

### Request for Relief

WHEREFORE, Plaintiff respectfully request that judgment be entered that Darryl Tunstall's rights to be free from unreasonable seizure, search, arrest, and prosecution under the United States Constitution were violated together with:

    (A)    Compensatory damages in an amount to be fixed at trial;

    (B)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the Defendants in an amount to be fixed at trial;

    (C)    An award to Plaintiff of the costs and disbursements herein;

    (D)    An award of attorney's fees under 42 U.S.C. §1988;

    (E)    Such other and further relief as this Court may deem just and proper.

Dated: February 10, 2016
       Brooklyn, New York

The Law Office of Matthew Flamm
 Attorney for Plaintiff Darryl Tunstall
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

_____
By: Matthew Flamm